The document below is hereby signed.

Signed: March 09, 2010.



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JACQUELINE M. REEDER, | ) | Case No. 09-00728 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE OBJECTION
TO PROOF OF CLAIM OF THE DISTRICT OF COLUMBIA

The debtor has objected to the proof of claim filed by the District of Columbia asserting unsecured claims for income taxes for the years 2001, 2002, and 2004.  The debtor alleges that "[t]his debt appears to have been already paid in the Debtor's prior Chapter 13, case number 04-00662, in which she received a discharge."  The District's allowed claim in the prior case was for tax, prepetition interest, and prepetition penalties for the years 2001 and 2002.

I

No claim was filed for the year 2004 in the debtor's prior case as that year ended after the April 2004 commencement of the prior case, and the debtor does not allege, and the proof of claim filed in this case does not reflect, that the tax year 2004

was bifurcated into prepetition and postpetition components in the prior case (assuming that such bifurcation was an available option under District of Columbia law in the same way that it is available as to Federal income taxes).

## II

The plan in the 2004 case provided for all of the District's prepetition claims, and the trustee's final report reflects that the District's allowed claims were paid in compliance with the terms of the plan. For the reasons discussed below, the debtor's discharge discharged the income tax claims (including interest and penalties relating thereto) for the years 2001 and 2002.

### A.

The debtor's prior case was commenced in 2004, and the provision of 11 U.S.C. § 1328 in force in 2004 governed the effect of the debtor's discharge. Unlike the version of § 1328 that was enacted in 2005, the 2004 version did not carve out any exception for taxes. It thus discharged the 2001 and 2002 tax debts, including prepetition interest and penalties, as "debts provided for by the plan or disallowed under section 502 . . . ." 11 U.S.C. § 1328(a).

### B.

This discharge extended to postpetition interest and penalties as well. Unmatured interest (meaning interest accruing after the petition date) was disallowed under 11 U.S.C.

2

§ 502(b)(2)) and postpetition penalties, being a claim not in existence on the petition date, were not part of the allowed claims, which 11 U.S.C. § 502(b) restricts to "the amount of [the] claim as of the date of the filing of the petition." As claims disallowed under § 502, such claims were discharged by the debtor's discharge under § 1328(a) (discharge extends to claims "disallowed under section 502").

                              III

The District's claims for 2001 and 2002 are barred by the debtor's discharge in the 2004 case, but the claim for 2004 was unaffected by that discharge. It is thus

ORDERED that the District's claims are disallowed except that the District has an allowed claim not entitled to priority for the year 2004 in the amount of $171.88.


                                        [Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office of the Attorney General for the District of Columbia;

Government of the District of Columbia
Office of Tax and Revenue
P.O. Box 37559
Washington, D.C. 20013